IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HAL ELKINS,                                         CV. 06-1180-MA

        Petitioner,                        OPINION AND ORDER

  v.

BRIAN BELLEQUE,
Superintendent, Oregon State
Penitentiary,

        Respondent.


Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Oregon Attorney General
Lester Huntsinger
Senior Assistant Attorney General
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent


MARSH, Judge



1 -- OPINION AND ORDER

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied and this proceeding is dismissed.

## BACKGROUND

On May 18, 1993, petitioner shot Kathryn Linn and Marvin Eugene Mayer at the Prime Rib Restaurant in Salem, Oregon. Ms. Linn died instantly. Mr. Mayer recovered from his injuries. Petitioner subsequently was indicted for the murder of Ms. Linn, and the attempted murder and assault of Mr. Mayer. Tom C. Bostwick was appointed by the court to represent petitioner.

On or about June 8, 1993, the state presented a plea bargain to petitioner providing that in exchange for a guilty plea to murder and attempted murder, the state would recommend a *guideline sentence* of 13 years. The offer expired by its terms on June 30, 1993.

On June 17, 1993, Oregon Supreme Court issued its decision in State v. Morgan 316 Or. 553, 558, 856 P.2d 612 (1993), holding that O.R.S. 163.115(3)(b) & (c) (requiring a minimum 10-year sentence for murder and authorizing an additional 15-year sentence), were not impliedly repealed by the Oregon Sentencing Guidelines.

On February 1, 1994, petitioner was tried before a jury. At trial, petitioner admitted to shooting Ms. Linn and Mr. Mayer, but asserted the affirmative defense of extreme emotional disturbance

2 -- OPINION AND ORDER

(EED).  On February 11, 1994, petitioner was convicted on all charges.

On March 17, 1994, petitioner appeared for sentencing.  In the presentence report presented to the court, it was recommended that the court impose a departure guideline sentence of 240 months for murder.  Resp. Exh. 135, Presentence Report at 10; Sentencing TR at 3.  The state, however, recommended that petitioner be sentenced to 10 years for murder (pursuant to O.R.S. 163.115(4)(b)); an additional 5-15 years (pursuant to O.R.S. 163.115(4)(c))[1] to reflect the premeditated nature of the offense and the vulnerability of the victim; a consecutive five-year term for assault; and a consecutive three-year term for attempted murder.  Sentencing TR at 15-16.  Defense counsel agreed that O.R.S. 163.115 governed petitioner's sentencing for murder.  Sentencing TR at 20.

Prior to the imposition of sentence, petitioner made the following statement to the court:

> As my attorney said, this was a case where I've listened to my attorney throughout the proceedings.  I could have taken the 13 years that the defense [sic] attorney offered me in plea bargain before they heard any of the evidence, before they reviewed any of the reports.  On the advice of counsel, I chose not to do that.  After we've seen all the evidence and things, I still feel that I did the right thing listening to my attorney, because he's the expert.

---

[1] ORS 163.115(3)(b) & (c) (1991) was renumbered in 1993.  Consequently, petitioner was sentenced under O.R.S. 163.115(**4**)(b) & (c).  See 1993 Or. Laws, ch. 664 § 1; Resp. Exh. 101 at 3.  Hence, I use the 1993 version of the statute in this opinion.

3 -- OPINION AND ORDER

Sentencing TR at 25.

Petitioner was sentenced to consecutive prison terms of 25 years for murder (the maximum sentence pursuant to O.R.S. 163.115(4)(b) & (c)), five years for assault, and three years for attempted murder.

Petitioner filed a direct appeal alleging that the trial court erred in denying his motion to suppress, and in ordering his sentences for attempted murder and assault to run consecutive to each other. The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. State v. Elkins, 134 Or. App. 218, 893 P.2d 580, rev. denied, 321 Or. 429 (1995).

Petitioner subsequently filed a state post-conviction proceeding, alleging that trial and appellate counsel rendered ineffective assistance. The post-conviction court denied relief, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Elkins v. Thompson, 174 Or. App. 307, 25 P.2d 376, rev. denied, 332 Or. 558 (2001).

In the instant proceeding, petitioner raises nine grounds for relief, only three of which petitioner addresses in his supporting memorandum.[2]

---

[2] Without leave of the court, petitioner submitted a 61-page supporting memorandum. Local Rule 7.2(b) provides that briefs shall not exceed 35 pages without leave of the court. Contrary to petitioner's suggestion, Local Rule 7.2(b) has been applied to memoranda in support of habeas relief. See Price v. Hill, 06-1665-MO (Order (#36)). Petitioner compounded his error by

**DISCUSSION**

Respondent moves to deny habeas corpus relief on the basis that all claims not addressed in petitioner's supporting memorandum should be denied, several of the claims are procedurally defaulted, and the state court's denial of petitioner's claims is entitled to deference under 28 U.S.C. § 2254(d).

**I.    Claims Not Traversed.**

Respondent moves to deny grounds for relief one, three, four, six, seven, and nine on the sole basis that the claims are not traversed. Respondent relies upon 28 U.S.C. § 2248 which provides that the allegations of a return to a habeas petition, or an answer to an order to show cause, "if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

However, the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Proceedings, provides that a traverse is no longer contemplated "except under special circumstances", and that the common law assumption of verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Advisory Committee Note to Rule 5, 28 fol. § 2254 (1976) (citing Stewart v. Overholser, 186 F.2d 339, 343 n. 5

---

failing to file a hard copy of his memorandum within 3 days of electronic filing. See Local Rule 100.4(b)(1). However, given the passage of time in this case, the court shall not strike the pleading.

(D.C.Cir. 1950)).  In light of the foregoing, and in the absence of any case law supporting respondent's position that the failure to furnish legal argument in support of habeas claims renders the claims abandoned, I decline to find the claims not traversed to be waived or subject to denial on that basis alone.  Nonetheless, for the reasons set forth below, I find that petitioner has failed to sustain his burden to prove that federal habeas relief is warranted as to grounds for relief one, three, four, six, seven, and nine.  See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005) (petitioner bears the burden of proving he is entitled to habeas relief).

In ground for relief one, petitioner alleges that the trial court violated his right to due process by denying his motion to suppress statements made after he invoked his right to counsel.  The trial court denied petitioner's motion, concluding that the statements made by petitioner were not the product of purposeful or clandestine police interrogation.

Petitioner has failed to demonstrate that the trial court's ruling is (1) contrary to, or an unreasonable application of clearly established federal law; or (2) premised upon an unreasonable determination of the facts in light of the evidence presented.  Accordingly, habeas relief is not warranted.  See 28 U.S.C. § 2254(d)(1) & (2).

In ground for relief three, petitioner alleges that the post-conviction trial court violated his right to due process by denying his motion for substitute counsel without a hearing. The Oregon Court of Appeals addressed this contention in a written opinion, concluding that neither the Sixth Amendment nor the Due Process Clause required the trial court to inquire on the record concerning the basis for petitioner's motion for substitute counsel. <u>Elkins</u>, 174 Or. App. at 315-16. Petitioner has failed to demonstrate that this holding is contrary to, or an unreasonable application of, clearly established federal law. <u>See</u> 28 U.S.C. § 2254(d)(1). Accordingly, habeas relief is not warranted.

In grounds for relief four, six, seven, and nine, petitioner claims that trial counsel rendered ineffective assistance of counsel by (1) failing to exclude the use of petitioner's custodial statements; (2) conceding petitioner's guilt in opening statements; (3) allowing Dr. John Cochran to examine petitioner but advising petitioner not to furnish facts necessary to establish his defense of extreme emotional distress; and (4) failing to object to a departure sentence.

As noted above, trial counsel did move to suppress petitioner's custodial statements. After a lengthy hearing, the motion was denied by the trial court on the basis that petitioner's statements were not made as a result of police interrogation. Petitioner offers no basis to support a finding that counsel

7 -- OPINION AND ORDER

performed ineffectively at the hearing, or that petitioner suffered prejudice as a result of counsel's performance. The record similarly reveals no such deficiency. Accordingly, habeas relief is not warranted as to ground for relief four. See Strickland v. Washington, 466 U.S. 668, 687-88 (1987).[3]

The post-conviction court rejected grounds for relief six, seven, and nine, concluding that petitioner failed to prove that counsel performed inadequately and/or that petitioner suffered prejudice as a result. Petitioner has made no showing to support a finding that the post-conviction court's decision is either (1) contrary to, or an unreasonable application of clearly established federal law; or (2) premised upon an unreasonable determination of the facts in light of the evidence presented. Accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d)(1) & (2).

II. **Procedural Default**.

Respondent moves to deny habeas relief, as to grounds for relief two and five, on the basis that they are procedurally defaulted. Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral

---

[3] Petitioner did not exhaust this ground for relief in the state post-conviction proceeding. However, respondent failed to move against this ground on the basis of procedural default. See Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (procedural default is affirmative defense which may be waived if not asserted by the state).

proceedings before a federal court may consider granting habeas corpus relief. Jackson v. Roe, 425 F.3d 654, 657-58 (9th Cir. 2005); 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

**A. Ground for Relief Two.**

Petitioner alleges that the trial court violated his right to due process when it imposed a 36-month consecutive sentence for attempted murder. Petitioner argues that his convictions for assault and attempted murder were part of a continuous, uninterrupted act and that the additional factual findings necessary to impose consecutive sentences should have been presented to the jury.

Petitioner's due process claim was not fairly presented to the state court on direct appeal. The claim was presented as a state law issue only. Hence, the due process claim is procedurally

9 -- OPINION AND ORDER

defaulted.  Because petitioner is now barred from raising this ground in state court,[4] and he offers no basis to excuse his procedural default, habeas relief is precluded.

**B.    Ground for Relief Five.**

Petitioner alleges that trial counsel was ineffective for failing to investigate the background of the state's expert, Dr. John Cochran, and failing to impeach his testimony.  This ground for relief, as pled in the petition, was not exhausted before the post-conviction court.  Rather, at the state post-conviction proceeding, petitioner argued that trial counsel was ineffective for failing to object to the fact that Dr. Cochran is a psychologist and not a psychiatrist as is required by O.R.S. 163.135.  No mention was made in the state post-conviction petition, supporting memorandum, or at the post-conviction hearing, about counsel's failure to adequately investigate Dr. Cochran's disciplinary history or counsel's alleged failure to adequately impeach Dr. Cochran.

Because discrete claims of ineffective assistance of counsel must be exhausted separately, I conclude that petitioner failed to exhaust ground for relief five.  See Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005), cert. denied, 548 U.S. 927 (2006). Further, because petitioner cannot again seek state post-conviction

---

[4] See O.R.S. 19.255(1) (requiring appeal from civil judgment to be filed within 30 days).

10 -- OPINION AND ORDER

relief to raise this claim,[5] the claim is procedurally defaulted. Petitioner offers no basis to excuse his procedural default.

To the extent that petitioner now seeks to amend his habeas petition to allege a new ground for relief, namely, that trial counsel was ineffective for failing to object to the testimony of Dr. Cochran on the basis that the statute calls for a psychiatrist evaluation rather than a psychologist, the belated request is denied. See Rule 2(c) of the Rules Governing Section 2254 Proceedings (petition must specify all grounds available to petitioner); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995) (traverse not proper pleading to raise additional grounds).[6]

In any event, the ground for relief is subject to denial on the basis that petitioner has failed to demonstrate that a motion by counsel to exclude the testimony of Dr. Cochran, on the basis that he is a psychologist and not a psychiatrist, would have been granted. Accordingly, petitioner has failed to demonstrate that

---

[5] See Bowen v. Johnson, 166 Or. App. 89, 92-93, 999 P.2d 1159, rev. denied, 330 Or. 553 (2000); O.R.S. 138.510(3).

[6] Because the claim is not properly before the court, petitioner's motion to expand the record to include exhibits B,C and D, is denied as moot. Petitioner's motion to expand the record to include exhibit A, and his request for an evidentiary hearing, is denied for failure to satisfy 28 U.S.C. § 2254(e)(2), or demonstrate a sufficient basis for avoiding the requirements of the statute.

11 -- OPINION AND ORDER

trial counsel's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88.

### III. The Merits:  Ineffective Assistance of Counsel.

In his eighth ground for relief, petitioner's alleges that trial counsel rendered ineffective assistance of counsel by "understating [petitioner's] sentencing exposure while advising him regarding [a] plea bargain offer."

#### A.  Standards.

A criminal defendant has a constitutional right to the effective assistance of counsel during all critical stages of a prosecution, including the plea bargaining process. Nunes v. Mueller, 350 F.3d 1045, 1053 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).  A claim of ineffective assistance of counsel, requires a petitioner to prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland, 466 U.S. at 687-88.

In this case, the performance prong of the ineffective assistance of counsel analysis turns on whether petitioner's attorney's failure to discover, and then advise petitioner, that the Oregon Supreme Court's rendered a decision in Morgan, holding that a defendant convicted of murder is subject to the minimum

12 -- OPINION AND ORDER

sentences under O.R.S. 163.115, fell below an objective standard of reasonableness.  Though a mere inaccurate prediction, standing alone, does not constitute ineffective assistance, a "gross mischaracterization" of a petitioner's sentencing exposure does fall below the level of competence required of defense counsel. Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004); Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir. 1994); Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986).

The prejudice component of the Strickland test in this context requires petitioner to prove that there is a reasonable probability that he would have accepted the plea offer absent counsel's error. Weaver v. Palmateer, 455 F.3d 958, 966 (9th Cir. 2006), cert. denied, 128 S.Ct. 177 (2007); Nunes, 350 F.3d at 1054.

**B.   Analysis.**

During the course of the state post-conviction proceeding, petitioner gave a deposition at which he testified concerning the alleged deficiencies in Mr. Bostwick's legal representation:

> I think that Mr. Bostwick should have advised me that State v. Morgan had, in fact, been ruled on in '93 that rather then – he kept saying, Guidelines, guidelines. We're looking at 13 years. If you get EED, that reduces it to manslaughter. You're probably looking at eight years. I recommend taking it to trial.
>
> The week before we took it to trial, that weekend before, even then we talked about it. He said, "They are not coming off 13 years. I recommend we take it to trial. And at that point I said, "The decision is yours."

13 -- OPINION AND ORDER

>        He never mentioned State v. Morgan. I can bring in other people that will testify that he told them the same thing, "It is a guidelines case that occurred after '89. Here is your grid, 120 and 121 months on the murder." It should be manslaughter which is 58 to 60. Never ever mentioned State v. Morgan. The first I heard of State v. Morgan was March 17, 1994, when Judge Miller sentenced me.

Resp. Exh. 113 at 9-10.

Trial counsel, in contrast, attested that he never advised petitioner that he was facing a probable sentence of eight years on the murder charge, or that he should accept the state's plea offer:

>        I have reviewed my file materials and I specifically do not recall having any specific discussions with Mr. Elkins concerning the ramifications of *State v. Morgan*. The plea offer that was given to him by Deputy District Attorney Diane Middle was in the terms of a guidelines sentence. * * * The discussions I had with Mr. Elkins were concerning the ranges within his gridblock for Murder, Attempted Murder and Assault in the First Degree with a Firearm. I also discussed with him the departure possibility which he faced if he went to trial and was convicted of all counts and the Court imposed a durational departure on one or any of the counts. I am sure I also discussed the consecutive sentence possibilities that he faced because there were two victims involved and I believe there is case law in regard to the possibility of consecutive sentences on an Attempted Murder and Assault in the First Degree even with the same victim that I was aware of and discussed with Mr. Elkins.
>
>        *However, there was never any serious discussion about pleading guilty to the charge of Murder because Mr. Elkins was adamant that he didn't murder the victim* even though he admitted firing the handgun that killed her. Mr. Elkins was insistent in his belief that since he was stressed out, upset, suicidal at the time, and totally emotionally distraught concerning his relationship with the victim, he would never plead guilty to murder involving the incident. It was his belief that he loved her and he in no way potentially wanted him to harm her

14 -- OPINION AND ORDER

> and that he just "snapped" emotionally when he found her in the presence of another man. *He was convinced he was acting under extreme emotional disturbance*, which was supported by Dr. Larson's report. I categorically deny that I ever had a discussion with him . . . where I allegedly told him that he was only looking at eight years and that I recommend he go to trial. I knew that it would be an uphill battle on the extreme emotional disturbance issue because it was an "ugly" shooting and the jury would have great sympathy for the victims in the case. *Mr. Elkins was insistent that he would not plead guilty to murder and wanted to proceed to trial on the extreme emotional disturbance defense.* Therefore, we proceeded to trial and we presented evidence supporting this defense, which was ultimately rejected by the jury.
>
> I would agree with Mr. Elkins that I did not specifically discuss with him the ramifications of *State v. Morgan* because, as I recall, the case was still up in the air at that time as to whether the statute or the guidelines applied to a murder case. *In reality, it would make no difference to Mr. Elkins because of the posture that he took throughout the trial, that he was not guilty of murder as defined by Oregon statutes but only guilty of a lesser offense of Manslaughter in the First Degree due to his emotional state at the time of the killing.*

Resp. Exh. 114 at 2-4 (emphasis added).

At the post-conviction proceeding, petitioner was questioned about the attestation of Mr. Bostwick quoted above:

> Q. What did he tell you was the potential sentence in this case?
>
> A. He discussed the sentence of being all on the jury grid of I, on the sentencing grid. He said for the murder, I should expect 120 to 121 months if convicted of murder, but it should be EED, which would be manslaughter, 50 to 60 months.
>
> Q. Did he indicate that was your full exposure on the case?
>
> A. That's what he said it was, yes.

15 -- OPINION AND ORDER

Resp. Exh. 115 at 8-9.

Petitioner offered the affidavit of Barbara Stone in support of his petition. Ms. Stone attests:

> When I asked Mr. Bostwick about the plea, [he] showed me a grid and said even if we loose [sic] all Hal would get was 121 months. He even gave me a copy of the grid. Hal wanted to take the plea bargin [sic] of 13 years - He just wanted to have it over with. Mr. Bostwick talked him out of it telling him he could only get 121 months. He kept saying to me it was a guideline case. He never in all the time I talked with him said anything other than 121 months.
>
> When it was over he called to tell me what happened. When I asked him how, he said he didn't know. When I asked him what he was going to do he said he wasn't Hal's lawyer anymore and was going to get drunk.

Resp. Exh. 110 at 5.

In sum, the divergent evidence before the state post-conviction court was that petitioner either (1) was prepared to pled guilty "to get it over with", but did not do so because he was assured by counsel that he would receive a guideline sentence of 121 months for murder or 50-60 months if convicted of manslaughter; or (2) was adamant that he would not plead guilty to murder, was advised of his sentencing exposure under the guidelines, including the possibility of a departure sentence and consecutive sentences, but never seriously discussed a guilty plea *because he was convinced he was acting under extreme emotional disturbance*. The

16 -- OPINION AND ORDER

post-conviction court concluded that Mr. Bostwick was the more credible witness[7] and made the following findings of fact:

> Counsel discussed the prosecution's plea offer with petitioner, which would have required petitioner to plead guilty to Murder and Attempted Murder. Counsel also explained sentencing ramifications to petitioner, *including the possibility of upward departures and consecutive sentences if petitioner were convicted of all counts.* Petitioner made the decision to proceed to jury trial on the defense of extreme emotional disturbance after telling counsel he would never plead guilty to murder.
>
> Counsel did not tell petitioner he was facing a possible sentence of only eight years in prison and did not recommend that petitioner go to trial.

Resp. Exh. 117 at 3-4 (emphasis added).

Petitioner has failed to rebut, with clear and convincing evidence, the state court's factual findings that (1) petitioner was advised of his sentencing exposure under the guidelines, *including departure and consecutive sentences*; (2) counsel did not tell petitioner he faced a possible sentence of only eight years; and (3) petitioner made the decision to proceed to jury trial on the defense of extreme emotional disturbance after telling counsel he would never plead guilty to murder. Accordingly, these findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); Weaver, 455 F.3d at 964-65.

---

[7] See Weaver, 455 F.3d at 964 (given contradictory nature of post-conviction testimony, state court's rejection of ineffective assistance of counsel claim demonstrated that court found attorney's testimony credible and the petitioner's testimony not credible).

17 -- OPINION AND ORDER

1.  Counsel's Performance.

In light of these findings, I conclude that the post-conviction court's conclusion that trial counsel did not render ineffective assistance of counsel does not violate 28 U.S.C. § 2254(d)(1) or (2). According to the underlying briefing in the state court, petitioner's maximum departure guideline sentence for murder was 242 months. Resp. Exhs. 120 at 38; 121 at 33. The discrepancy between that exposure, of which the post-conviction court concluded petitioner was advised, and the potential 25-year sentence under O.R.S. 163.115(4), is not so egregious as to render counsel's advice regarding petitioner's sentencing exposure to be constitutionally deficient.  See Sophanthavong, 378 F.3d at 868; Chacon, 36 F.3d at 1464; Iaea, 800 F.2d at 865.

In this regard, it is worthy of note that petitioner's contention that "[t]he *Morgan* decision increased [petitioner's] exposure for murder from 121 months to 300 months" necessarily is premised upon his assertion that "[t]he State never suggested there was a viable basis for departure." However, at the time petitioner appeared for sentencing, the state was proceeding under O.R.S. 163.115(4), and grounds for departure under the guidelines were not at issue. Moreover, contrary to petitioner's suggestion, the presentence report and petitioner's sentencing memorandum reveals that there were potential grounds for departure, admittedly contested, including the particular vulnerability of the victim,

18 -- OPINION AND ORDER

persistent involvement in similar offenses or repetitive assaults, and permanent injury to the victims. Resp. Exh. 135, Presentence Report at 9-10; Resp. Exh. 102, App. 37-41 & 45, Sentencing TR at 16.

    2.   Prejudice.

In light of the state post-conviction court's factual finding that petitioner advised counsel that he would never plead guilty to murder and was intent on proceeding with his EED defense, petitioner has failed to demonstrate prejudice, i.e., that there is a reasonable probability that had he been advised of his sentencing exposure under O.R.S. 163.115(4), he would have accepted the plea bargain. See Weaver, 455 F.3d at 966; Nunes, 350 F.3d at 1054.

Accordingly, petitioner has failed to demonstrate that the state court's rejection of his ineffective assistance of counsel claim is (1) contrary to, or an unreasonable application of, clearly established federal law; or (2) premised upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) and (2). Habeas relief is not warranted.

In so holding, I reject petitioner's assertion that the post-conviction court incorrectly applied a preponderance of the evidence standard in applying Strickland. The application of the preponderance of the evidence standard to the underlying facts, in accordance with ORS 138.620(2), does not equate with the post-

19 -- OPINION AND ORDER

conviction court applying the preponderance of the evidence standard in its application of Strickland. See e.g. Mariano-Santos v. Blacketter, 532 F.Supp.2d 1254, 1257-58 (D.Or. 2006), aff'd, 266 Fed. Appx. 593 (9th Cir.), cert. denied, 129 S.Ct. 87 (2008); Wilkerson v. Blacketter, 2007 WL 2693419 *3 (D.Or. 2007), aff'd, 2008 WL 4071501 (9th Cir. 2008); Fuller v. Hill, 2007 WL 2733824 *4 (D.Or. 2007), aff'd, 2008 WL 4185754 (9th Cir. 2008). Moreover, the post-conviction court's failure to cite to Strickland does not support a conclusion that its decision is contrary to well established federal law. See Early v. Packer, 537 U.S. 3, 8 (2002) (state court need not cite or even be aware of governing Supreme Court case so long as neither the reasoning nor the result of its decision contradicts them).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this _20_ day of November, 2008.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

20 -- OPINION AND ORDER